# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ARIZONA HALL, JR., )
)
       Petitioner, )
)
v. ) No. 4:16-CV-1528 AGF
)
CHRIS KOSTER, )
)
       Respondent, )

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Arizona Hall, Jr., for a writ of habeas corpus under 28 U.S.C. § 2254. The petition is untimely, and it is dismissed.

On June 27, 2013, a jury convicted Petitioner of second-degree domestic assault. *Missouri v. Hall*, No. 0922-CR01820-01 (City of St. Louis). The court sentenced him to ten years' imprisonment. Petitioner is currently on parole.

Petitioner filed a timely notice of appeal. On April 1, 2015, the appellate court affirmed and issued its mandate. *Missouri v. Hall*, No. ED100615 (Mo. Ct. App.). On April 20, 2015, Petitioner applied for discretionary review by the Missouri Supreme Court. However, the Clerk of Court for the Missouri Court of Appeals for the Eastern District returned the application to Petitioner because it was not timely filed.

Petitioner did not file a motion for postconviction relief under Rule 29.15 of the Missouri Court Rules.

On January 5, 2016, Petitioner filed a petition for writ of error coram nobis in the Missouri Supreme Court. *State ex rel. Hall v. Cohen*, No. SC95457 (Mo. S.Ct.). The court denied the petition without comment on March 1, 2016.

Petitioner filed the instant petition on September 21, 2016, which is the date he placed in the prison mail system.

Pursuant to 28 U.S.C. § 2244(d)(1), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not properly seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. *See Gonzalez v. Thaler*, ___ U.S.___, 132 S. Ct. 641 (2012); Mo. S. Ct. R. 83.02. Accordingly, Petitioner's judgment of conviction became final on April 16, 2015.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The petition for writ of coram nobis Petitioner filed in the Missouri Supreme Court did not toll the statute of limitations because it is not a "properly filed application for State post-conviction or other collateral review" in Missouri. A total of 524 days

2

passed between the date the judgment became final, April 16, 2015, and the date he filed the instant petition. So, the petition is untimely.

Even if the petition for writ of error coram nobis were a properly filed application for postconviction relief, the petition would still be untimely. A total of fifty-seven days elapsed between January 5, 2016, and March 1, 2016. So, the petition would still be untimely by 102 days.

Petitioner's arguments to the contrary are frivolous. He filed a pre-conviction petition for writ of habeas corpus under 28 U.S.C. § 2241 in March 2013. *Hall v. Edwards*, No. 4:13-CV-556 SNLJ. As stated above, the jury convicted Petitioner in June 2013. His federal petition was still pending at that time. As a result, the Court found that the conviction mooted the § 2241 petition and dismissed for lack of jurisdiction. Petitioner argues that his § 2241 case somehow extended the limitations period, and so, the instant petition is timely. The argument, however, has no legal merit. Section 2244(d)(2) does not provide tolling for petitions for federal habeas relief.

For these reasons, Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

An Order of Dismissal will be filed forthwith.

Dated this 22nd day of December, 2016.

                                              _/s/ Audrey G. Fleissig_
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE