UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARIZONA HALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:16CV01528 AGF |
| ) | |
| CHRIS KOSTER, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition, as supplemented, of Missouri state prisoner Arizona Hall for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 27, 2013, a jury convicted Petitioner of domestic assault in the second degree for a crime committed on September 11, 2008. On October 3, 2013, the trial court entered judgment against Petitioner for domestic assault in the second degree, and sentenced him as a prior and persistent offender to ten years' imprisonment.

The Court interprets Petitioner's various pleadings in this action (ECF Nos. 4, 6, 7, 29, 33, 45, 46, and 48) as raising the following overlapping grounds for habeas relief: (1) the indictment was legally insufficient in that it charged "recklessly" causing serious physically injury, and not "knowingly" doing so as Petitioner contends is required by Missouri law for a conviction of second-degree domestic assault; (2) the jury convicted Petitioner of third-degree domestic assault, but he was sentenced for second-degree domestic assault; (3) in obtaining the indictment and conviction, defense counsel conspired with the prosecutor to use the victim's perjured testimony that Petitioner

threatened to kill her, and this conspiracy was due to Petitioner's race (African American) and in retaliation for an incident involving Petitioner's sons and nephew that caused the death of a Caucasian woman "who had ties with state officials"; (4) and the prosecutor conspired with the trial judge to convict Petitioner and sentence him as a persistent offender due to Petitioner's race and in retaliation for the incident involving Petitioner's sons and nephew; (5) the prosecutor and court enhanced Petitioner's sentence by relying on a substitute information that charged Petitioner with being a persistent offender but that was never recorded on the court's docket sheet, thereby depriving the trial court of jurisdiction and Petitioner of his due process right to be notified of the charges against him; and his own defense counsel lied to the trial court when he said he showed Petitioner the substitute information before trial. Petitioner also contends that failure to vacate his conviction in light of other cases where convictions were vacated based on insufficient charging documents constitutes a violation of equal protection.

Respondent argues that Petitioner's claims were all procedurally defaulted because he did not raise them on direct appeal, and alternatively, that the claims are without merit. For the reasons set forth below, habeas relief will be denied.

## **BACKGROUND**

Count IV of the original five-count indictment filed on May 6, 2009, charged Petitioner with domestic assault in the second degree, in that on September 11, 2008, he "recklessly caused serious physical injury to T.N. by striking her," in violation of Mo. Rev. Stat. § 565.073. ECF No. 44-2 at 29-31. The other four counts, on which Petitioner was acquitted, charged kidnapping (Count I) and domestic assault first degree (Count II)

2

on April 26, 2008; and armed criminal action (Count III), and domestic assault third degree (Count V) on September 11, 2008. The indictment also charged Petitioner with being a prior offender in that he pleaded guilty in September 1981 to the felony of trespass first degree. *Id*. As he was charged in the indictment, Petitioner was subject to a sentence of seven years' imprisonment if convicted on Count IV.

A substitute information filed-stamped June 4, 2013, charged Petitioner as a prior and persistent offender, with the language of Count IV remaining the same. *Id*. at 53-55. *Id*. The substitute information listed three prior felony convictions in support of Petitioner's status as a prior and persistent offender: a 1972 guilty plea to stealing a motor vehicle; a 1973 guilty plea to stealing a motor vehicle; and a 1987 guilty plea to first-degree assault and armed criminal action. As a prior and persistent offender, Petitioner was subject to a term of imprisonment of 15 years on Count IV, under Mo. Rev. Stat. § 558.016. Although the substitute information is stamped as "Filed," it does not appear on the copy of the state court docket sheet provided by Respondent. ECF No. 44-2 at 4-21.

Petitioner's four-day jury trial commenced on June 24, 2013. At the close of the evidence, before closing argument, the parties stipulated that Petitioner had three prior convictions (two for stealing a motor vehicle and one for first-degree assault and armed criminal action). ECF No. 44-1 at 616. The court read the convictions into the record and stated on the record that it found Petitioner to be a prior and persistent offender; there was no objection. *Id*.

The verdict director on Count IV, Instruction No. 10, told the jury that to convict

3

Petitioner of domestic assault in the second degree, the jury had to find that on September 11, 2008, Petitioner "recklessly caused serious physical injury" to T.N. ECF No. 44-2 at 91. Instruction No. 11 told the jury that if the jury did not find Petitioner guilty of domestic assault in the second degree as submitted in Instruction No. 10, but believed that on September 11, 2008, he "recklessly caused physical injury" to T.N., the jury should find Petitioner guilty "under Count IV of domestic assault in the third degree." *Id*. at 92. The jury found Petitioner guilty as to Count IV of domestic assault in the second degree as submitted in Instruction No. 10. *Id*. at 106.

The State's sentencing memorandum represented that Petitioner had been found guilty of domestic assault in the second degree, and was a prior and persistent offender, and recommended a sentence of 15 years' imprisonment. ECF No. 44-3 at 73-74. On October 3, 2013, the trial court entered judgment against Petitioner for domestic assault in the second degree, and sentenced him as a prior and persistent offender to ten years' imprisonment. *Id*. at 76-79; ECF No. 44-1 at 663. After informing Petitioner of his right to appeal and to seek post-conviction relief, Petitioner addressed the court and questioned the sentencing enhancement based on the finding that he was a persistent offender, whereas the indictment he saw only charged him with being a prior offender. Defense counsel confirmed that he had received the substitute information and had reviewed it with Petitioner prior to trial, but counsel stated that he might not have given Petitioner a copy of it. Petitioner indicated that what he "received" was the indictment, and the court stated that what mattered was what was in the court file and what his lawyer received. ECF No. 44-1 at 666-67.

On July 22, 2013, prior to his sentencing and before any direct appeal, Petitioner filed a state petition for habeas relief raising some of the claims he now presents in his federal habeas action. ECF No. 45 at 37-41. The record does not include an order from the state courts ruling on this petition and in his amended petition, Petitioner represents that the state habeas petition was never ruled on. ECF No. 9 at 4. Petitioner references numerous other filings he made in state court, including at least one other state habeas petition, but they have not been made a part of the record before the Court (nor do such filings appear on www.courts.mo.gov/casenet/).

In his direct appeal, filed on June 13, 2014, Petitioner argued that the trial court erred in allowing the prosecutor to make two improper comments during closing argument, and in permitting a police officer to testify about the phenomenon known as a cycle of violence. On October 14, 2014, the Missouri Court of Appeals rejected all claims and affirmed the judgment and sentence. In its opinion, the appellate court erroneously stated that Petitioner was appealing following a jury verdict finding him guilty of domestic assault in the third degree, in violation of Mo. Rev. Stat. § 565.074. ECF No. 41-3 at 2. The state appellate court's mandate issued on April 1, 2015.

Respondent argues that all of Petitioner's federal habeas claims are procedurally defaulted because they could have been but were not raised on direct appeal; and Petitioner's filing of the state petition for habeas corpus did not excuse this procedural default. Respondent argues alternatively that all of Petitioner's claims are without merit. Respondent argues that the erroneous statement of the Missouri Court of Appeals that Petitioner's conviction was for third-degree domestic assault does not change the facts

5

that Petitioner was properly charged with second-degree domestic assault, the jury was correctly instructed on second-degree assault and found him guilty of that crime, the trial court sentenced him for second-degree domestic assault, and the Missouri Court of Appeals affirmed the trial court's judgment and sentence.

Respondent argues that Petitioner's claim that defense counsel conspired with the prosecutor to convict Petitioner based on perjured testimony fails because Petitioner did not allege what testimony he believes to be perjured, or point to any evidence that would suggest such a conspiracy; and that this claim is "implausible, frivolous, and unsupported by the record." ECF No. 41 at 6-7. Respondent argues that similarly, Petitioner alleges no facts to suggest a conspiracy involving state officials or the trial judge, or racial bias in the prosecution of the case against Petitioner. Lastly, Respondent argues that Petitioner had notice that he was being charged with being a persistent offender, by means of the substitute information that was received and marked filed prior to trial, and that it is of no import that this document does not appear on the state court's docket sheet.[1]

---

[1] The Court notes that this Court initially dismissed Petitioner's habeas case as untimely. By opinion dated June 19, 2017, the Eighth Circuit Court of Appeals reversed and remanded the case, noting that if Petitioner's claims related back to a case he had filed on March 2, 2016, *Hall v. State*, No. 4:16-cv-00291-CDP (E.D. Mo.), the present case appeared to have been filed within the limitations period. *Hall v. Hawley*, No. 17-1090 (8th Cir. June 19, 2017) (ECF No. 5). On remand, Respondent has not raised a statute of limitations defense and the Court believes that judicial economy would best be served by assuming that Petitioner's claims relate back to his earlier filing, and addressing the substantive and other procedural issues in the case. *See Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir. 2006) (holding that a federal habeas court may disregard the statute of limitations for a § 2254 petition in the interest of judicial economy because the limitations period is not a jurisdictional bar to court review).

# DISCUSSION

## Standard for Federal Habeas Relief and Procedural Default

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To preserve a claim for federal habeas review, "a state habeas petitioner must present that claim to the state court and allow that court an opportunity to address his claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id*. The federal habeas court will consider a procedurally defaulted claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id*. (citation omitted).

To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted."

7

*Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (citation omitted).

Here, the Court agrees with Respondent that Petitioner's claims about the sufficiency of the substitute information were defaulted due to his failure to raise them on direct appeal. *See, e.g., Schwarzman v. Gray*, No. 17-3859, 2018 WL 994352, at *2 (6th Cir. Jan. 30, 2018) (holding that a habeas petitioner procedurally defaulted his claim that the indictment was insufficient by failing to raise the claim on direct appeal). Petitioner's state habeas petition referenced above did not excuse him from raising these claims on direct appeal. *See Roberson v. Villmer*, No. 4:14-CV-45 (CEJ), 2017 WL 1177908, at *4 (E.D. Mo. Mar. 30, 2017) (citing cases). Nor has Petitioner shown cause or prejudice to excuse the procedural default, or that he is innocent of the second-degree domestic assault, or of being a persistent offender under Missouri law.

Although Petitioner does not frame any of his claims as claims of ineffective assistance of defense counsel, if indeed defense counsel lied to the trial court about reviewing the substitute information with Petitioner before trial, and Petitioner can establish that he is fact was unaware before trial that that he had been charged with being a persistent offender, Petitioner's constitutional right to the effective assistance of counsel would be implicated because a criminal defendant has a due process right to fair notice of the charges against him to permit adequate preparation of his defense. But such a claim was also procedurally defaulted by Petitioner's failure to present it to the state courts in a postconviction motion. *See, e.g., McLaughlin v. Steele*, 173 F. Supp. 3d 855, 869 (E.D. Mo. 2016). Here too, Petitioner has failed to assert or establish either cause and prejudice or a miscarriage of justice to avoid the procedural default of this claim.

**Consideration of the Merits of Petitioner's Claims**

As an alternative basis for the denial of federal habeas relief, the Court concludes that other than the claim that defense counsel lied about reviewing with Petitioner the substitute information before trial, Petitioner's claims fail on the merits.

<u>Constitutional Sufficiency of the Charging Document</u>

Petitioner is incorrect that under Missouri law, second-degree domestic assault requires that the perpetrator acted "knowingly" when serious physical injury, as opposed to general physical injury, is involved. To the contrary, Mo. Rev. Stat. § 565.073 provides that a person who "recklessly causes serious physical injury" commits the crime of domestic assault in the second degree. Both the indictment and substitute information properly charged this crime, and the jury was correctly instructed on it. The Court agrees with Respondent that the fact that the Missouri Court of Appeals erroneously stated that Petitioner was convicted of third-degree domestic assault does not change these essential facts, and does not lead to the conclusion that Petitioner's constitutional rights were violated. And inasmuch as the indictment does properly charge the offense of conviction, Petitioner's claim that he has been denied Equal Protection in light of other cases where convictions were voided for insufficient charging documents also fails.

The fact that the substitute information does not appear on the state court docket sheet does not constitute a violation of Petitioner's federal constitutional rights. It is undisputed that the substitute information was filed and provided to defense counsel before trial, and that the substitute information adequately charged that Petitioner was a persistent offender under Missouri law. The trial court also read Petitioner's prior

9

convictions into the record and stated its finding that Petitioner was a prior and persistent offender at the close of the evidence, and Petitioner raised no objection.

Claims of Conspiracy and Racial Bias

As Respondent argues, Petitioner has not alleged any facts that suggest a conspiracy to charge and convict him, or that he was charged and convicted as the result of racial bias. Petitioner's remaining claims, therefore, fail. *See, e.g., Hoisington v. Ryan*, No. CV1402568TUCJASBGM, 2017 WL 7798102, at *18 (D. Ariz. Nov. 22, 2017) ("Neither has Petitioner presented any evidence, beyond his bare assertion, that the trial court, prosecutor, and defense counsel engaged in a conspiracy against him or otherwise acted to deprive him of due process."), R & R adopted, No. CV142568TUCJASBGM, 2018 WL 1071189 (D. Ariz. Feb. 27, 2018); *Hence v. Smith*, 37 F. Supp. 2d 970, 979 (E.D. Mich. 1999).

## CONCLUSION

For the reasons stated above, the Court does not believe that Petitioner is entitled to federal habeas relief. The Court also does not believe that reasonable jurists might find the Court's assessment of the procedural and substantive issues presented in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2254(d)(2). *See Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (standard for issuing a Certificate of Appealability).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Arizona Hall for a writ of habeas corpus relief under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of April, 2018.